IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY ARMSTRONG, #172250,        )
                                 )
         Petitioner,             )
                                 )
v.                               )    CASE NO. 2:07-CV-467-MEF
                                 )              [WO]
                                 )
J. C. GILES, et al.,             )
                                 )
         Respondents.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas

corpus relief filed by Terry Armstrong ["Armstrong"], a state inmate, on May 15, 2007.[1]

In this petition, Armstrong challenges a conviction and sentence for second degree assault

imposed upon him by the Circuit Court of Jefferson County, Alabama in August of 1997.

## DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may

transfer an application for writ of habeas corpus to "the district court for the district within

which the State court was held which convicted" the petitioner.  28 U.S.C. § 2241(d).

Armstrong attacks a conviction and sentence entered against him by the Circuit Court of

---

[1]Although the Clerk of this court stamped the present petition "filed" on May 24, 2007, the documents filed simultaneously with the petition indicate that May 15, 2007 was the last date Armstrong maintained the petition within his possession. *Application for Leave to Proceed In Forma Pauperis - Court Doc. No. 2* at 3.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing, the court considers May 15, 2007 as the date of filing.

Jefferson County, Alabama.  Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  In light of the foregoing, the court concludes that transfer of this case to such other court for review and disposition is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before June 7, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of May, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE